**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| _____ ) | |
| AVENTIS PHARMA S.A., ) | |
| SANOFI-AVENTIS U.S., LLC ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 07-721-GMS |
| ) | (Consolidated) |
| v. ) | |
| ) | |
| ) | |
| HOSPIRA, INC., APOTEX, INC., ) | |
| and APOTEX CORP., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

<u>**HOSPIRA'S FIFTH MOTION IN LIMINE:  TO EXCLUDE NEW WITNESSES SANOFI
LISTED AFTER THE CLOSE OF FACT DISCOVERY**</u>

**INTRODUCTION**

Sanofi should not be allowed to call at trial witnesses that it did not identify on its initial disclosures until *after* the close of fact discovery.  The end of fact discovery in this case was May 29, 2009.  Sanofi waited until after the close of fact discovery on June 1, 2009 to identify six new individuals who allegedly had relevant information in this case:  Martine Baysass, Nathalie Daoulas, Andre Mazuret, Andris Ortmanis, Patricia Vrignaud and Lorraine Walker.  (Ex. 1, Amended Initial Disclosures.)  All of these individuals are affiliated with Sanofi, and some remain employed by Sanofi.  None of them were previously disclosed in initial disclosures or interrogatory responses, nor were they deposed in this case.

Hospira objected to the new disclosures the very next day, June 2.  (Ex. 2, 6/2/09 Ltr. to Calia.)  Hospira confirmed that it would object to these witnesses giving trial testimony.  (See Ex. 3, 7/17/09 Ltr. to Kennedy).  In response, Sanofi offered excuses such as (1) its millions of pages of document production must have included these names, (2) Sanofi produced a different version of initial disclosures to Apotex and Hospira should somehow have known about those, and (3) if they are eventually called at trial then Hospira will get a chance to depose them.  (Ex. 4, 7/10/09 Ltr. to Pallesen.)  These excuses do not explain why Sanofi waited until after the end of fact discovery to disclose new individuals.  The six newly-named Sanofi witnesses should be excluded from testifying at trial.

**ARGUMENT**

Under Federal Rule of Civil Procedure 26(a)(1), parties have a duty to disclose "the name, and, if known the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to supports its claims or defenses…" Fed. R. Civ. P. 26(a)(1).  The due date for these disclosures was set by this Court to be May 1,

2008.  Sometimes there are supplements to the initial disclosures, but in this case Sanofi waited

for more than one full year, and after the May 29, 2009 end of fact discovery, to provide new

names.  As a result, Hospira did not have the opportunity to depose these new individuals, and

when it asked Sanofi for the opportunity, Sanofi declined.  Thus, Sanofi has violated its

obligations of Rule 26, which were designed precisely to avoid surprise by the presentation of

new evidence.  *Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487, 506 (D. Del.

2005).

The failure to provide this information means that Sanofi should not be permitted to call

at trial any of the six newly disclosed individuals.  "Rule 37 provides that unless the failure to

disclose is harmless, a party who fails to disclose without substantial justification is not

permitted to use the undisclosed evidence at trial."  *Id.* at 506.  In this case, the six individuals

were not named in earlier discovery responses, nor were their depositions taken, which may have

rendered harmless the technical violation of not listing them in initial disclosures.  Nor was there

any opportunity provided to take their deposition.  Moreover, since the named individuals are or

were affiliated with Sanofi, it is not as if Sanofi can say it learned of new third parties during

discovery.  Thus, the proper remedy is to exclude testimony from these six individuals at trial.

*See Stambler v. RSA Security, Inc.*, 212 F.R.D. 470, 471-472 (D. Del. 2003) (excluding witnesses

disclosed after the close of fact discovery).

## **CONCLUSION**

For the above reasons, the Court should preclude Sanofi from calling at trial the

following six witnesses: Martine Baysass, Nathalie Daoulas, Andre Mazuret, Andris Ortmanis,

Patricia Vrignaud and Lorraine Walker.

Dated:    September 8, 2009

By:   _____ */s/Richard K. Herrmann*
Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
rherrmann@morrisjames.com

James F. Hurst
Imron T. Aly
Kathleen B. Barry
Jovial Wong
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600
jhurst@winston.com
ialy@winston.com
kbarry@winston.com
jwong@winston.com
*Attorneys for Defendant HOSPIRA, INC.*

# Ex. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVENTIS PHARMA S.A. and | ) | |
| SANOFI-AVENTIS U.S., LLC | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 07-721-GMS |
| v. | ) | (consolidated) |
| | ) | |
| HOSPIRA, INC., APOTEX, INC., and | ) | |
| APOTEX CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' AMENDED AND SUPPLEMENTED INITIAL
DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. P. 26(a)(1)**

Plaintiffs Aventis Pharma S.A. and sanofi-aventis U.S., LLC (collectively,

"sanofi-aventis") provide this Amended and Supplemented Initial Disclosure Statement in

accordance with Federal Rule of Civil Procedure 26(a)(l). These disclosures are based on

information reasonably available to sanofi-aventis at this time. Sanofi-aventis reserves the right

to supplement and/or modify these disclosures.

These disclosures represent a good-faith effort to identify discoverable

information that sanofi-aventis reasonably believes may be used to support its claims or

defenses, as required by Fed. R. Civ. P. 26(a)(l). These disclosures do not include information

that may be used solely for impeachment purposes.

These disclosures are made without waiving: (1) any claim of privilege or work

product; (2) the right to object on the grounds of competency, relevancy, materiality, hearsay, or

any other proper ground, to the use of any such information, for any purpose, in whole or in part,

in any subsequent proceeding in this action or any other action; and (3) the right to object on any

and all grounds, at any time, to any other discovery request or proceeding involving or relating to

the subject matter of these disclosures.  All of the disclosures set forth below are made subject to the above objections and qualifications.

These disclosures supersede the prior Initial Disclosures served on May 1, 2008 (to Hospira) and November 5, 2008 (to the Apotex Defendants).

I.      **Rule 26(a)(1)(A)(i) -The name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Based on information reasonably available to sanofi-aventis at this time, the following are the names, and if known, the addresses and telephone numbers of individuals that are likely to have discoverable information that sanofi-aventis may use to support its claims or defenses, unless used solely for impeachment.  The individuals listed below should be contacted only through sanofi-aventis' counsel.  A brief identification of the subjects on which each listed individual may have discoverable information is also provided.

| Name | Contact Information | Subject(s) |
|---|---|---|
| Steve Acott | Rainham Road South Mail Code: D38-2B Dagenham. Essex, UK RM10 7XS Tel: + 44 20 89 19 37 83 | Research and development of Taxotere® pharmaceutical products |
| Francois Andres | | Research and development of Taxotere® pharmaceutical products |
| Jean-Pierre Bastart | 12 rue des Bergeres 7750 Lesigny, France Tel: + 33 1 60 02 27 83 [Former employee] | The inventions of U.S. Patent Nos. 5,714,512, 5,750,561 and 5,698,582 (collectively, the "Patents-in-Suit"); the subject matter of those patents; assignment and ownership of those patents; and the research and development leading to the claimed inventions |

| Name | Contact Information | Subject(s) |
|---|---|---|
| Martine Baysass | Unknown [former employee] | Clinical research of Taxotere® pharmaceutical products |
| Veronique Benning | 13 quai Jules Guesde, BP 14 - Bâtiment Claude 94403 Vitry-sur-Seine, Alfortville, France Tel: + 33 1 58 93 35 08 | Toxicology testing of taxane formulations |
| Marie-Christine Bissery | 13 quai Jules Guesde, 94403 Vitry-sur-Seine, France Tel: +33 1 58 93 80 18 [former employee] | Animal toxicology and efficacy research of Taxotere® pharmaceutical products |
| Jean-Pierre Bizzari | 9 Great Valley Parkway Bldg 200, Room 5-0912 Malvern, PA 19355 Tel: (610) 889-6003 | Clinical research of Taxotere® pharmaceutical products |
| Jean-Marc Bobee | 20 avenue Raymond Aron, 92160, Antony, France Tel: +33 1 55 71 70 43 | Research and development of Taxotere® pharmaceutical products |
| Hichem Chakroun | 20 avenue Raymond Aron, 92160, Antony, France Tel: +33 1 55 71 73 90 | Pre-clinical research of Taxotere® pharmaceutical products |
| Barry Childs | 55 Corporate Drive Bridgewater, NJ 08807 | Clinical research of Taxotere® pharmaceutical products |
| Alain Curaudeau | Metabolism & Diabetes Dept. Mail Stop: BX2-316A 200 Crossing boulevard P.O. Box 6890 Bridgewater, NJ 08807-0890 Tel: (908) 304-6247 | Toxicology testing of taxane formulations. |
| Nathalie Daoulas | 182 Avenue de France DIRECTION BREVETS Avenue de France 2 Paris 75013 France Tel: +33 1 53 77 87 39 | Prosecution of the Patents-in-Suit |
| Thierry Dupêchez | 2 Rue des Dannots 89700 Epineuil, France Tel: +33 3 86 55 10 38 [former employee] | The inventions of the Patents-in-Suit; the subject matter of those patents; assignment and ownership of those patents; and the research and development leading to the claimed |

| Name | Contact Information | Subject(s) |
|---|---|---|
| | | inventions |
| Jean-Louis Fabre | CEJIEL s.a.r.l.<br>9, rue Fagon<br>75013 Paris, France<br>Tel: +33 6 74 59 45 06<br>[former employee] | The inventions of the Patents-in-Suit; the subject matter of those patents; assignment and ownership of those patents; and the research and development leading to the claimed inventions |
| John Harrington | 55 Corporate Drive<br>Mail Stop: 55C-330A<br>Bridgewater, NJ 08807<br>Tel: (908) 981-4442 | Sales and marketing of Taxotere® pharmaceutical products |
| Thomas Irving | Finnegan, Henderson, Farabow, Garrett.& Dunner, LLP<br>901 New York Avenue N.W.<br>Washington, DC 20001<br>Tel: (202) 408-4000 | Prosecution of the Patents-in-Suit |
| Jean-Louis Landrin | 9 av Gen Leclrc<br>77320 La Ferte<br>Gaucher<br>France<br>Tel: + 33 1 64 20 12 10<br>[former employee] | Research and development of Taxotere® pharmaceutical products |
| François Lavelle | 11 rue Taillandiers<br>75011 Paris, France<br>Tel: + 33 143 40 80 22<br>[former employee] | Toxicology testing of Taxotere® products in animals |
| Magali Le Pennec | 174 avenue de France<br>75013, Paris,. France<br>Tel: +33 1 53 77 87 28 | Prosecution of the Patents-in-Suit |
| Francoise Lobjois | Cabinet Hirsch<br>58 avenue Marceau<br>75008 Paris, France<br>Tel: +33 1 46 03 35 13<br>[former employee] | Prosecution of the Patents-in-Suit |
| Andre Mazuret | Unknown [former employee] | Toxicology testing of taxane formulations |
| Isabelle Mercier | Unknown [former employee] | Sales and marketing of Taxotere® pharmaceutical products |

| Name | Contact Information | Subject(s) |
|---|---|---|
| Michel Muylle | 8 r Picardie<br>94240 L'Hay Les Roses<br>France<br>Tel: + 33 1 46 64 04 42<br>[former employee] | Research and development of Taxotere® pharmaceutical products |
| Jean-Jacques Nguyen-Hu | 5 rue Georges Bizet<br>91160 Longjuneau<br>France<br>Tel: + 33 1 60 49 76 90 | Physical and chemical stability studies of Taxotere® pharmaceutical products |
| Andris Ortmanis | 55 Corporate Drive<br>Bridgewater, NJ 08807 | Sales and marketing of Taxotere® pharmaceutical products |
| Christophe Paget | Unknown [former employee] | Research and development of Taxotere® pharmaceutical products |
| Patricia Rortais | 13 quai Jules Guesde,<br>94403 Vitry-sur-Seine, France<br>Tel: + 33 1 58 93 34 42 | Research and development of Taxotere® pharmaceutical products |
| Jacques Savina | 24 avenue Albert 1er<br>94210 La Varenne, France<br>Tel: + 33 6 85 4164 35 | Former French patent department supervisor |
| Michel Veillard | 13 quai Jules Guesde,<br>94403 Vitry-sur-Seine<br>France | Research and development of Taxotere® pharmaceutical products |
| Christine Verini | Unknown at this time [former employee] | Sales and marketing of Taxotere® pharmaceutical products |
| Patricia Vrignaud | 13 quai Jules Guesde,<br>94403 Vitry-sur-Seine<br>France | Animal toxicology and efficacy research of Taxotere® pharmaceutical products |
| Lorraine Walker | 55 Corporate Drive<br>Bridgewater, NJ 08807 | Sales and marketing of Taxotere® pharmaceutical products |

| Name | Contact Information | Subject(s) |
|---|---|---|
| Thalia Warnament | [Deceased] | Prosecution of the Patents-in-Suit |

II. **Rule 26(a)(1)(A)(ii) – A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Based on information reasonably available at this time, sanofi-aventis identifies below categories and locations of the following documents, electronically stored information, and tangible things in the possession, custody, or control of sanofi-aventis, and that sanofi-aventis may use to support its claims or defenses (excluding documents that may be used solely for impeachment):

1.      Documents relating to the research, development, commercialization, composition, and FDA approval of Taxotere® products as disclosed and claimed in the Patents-in-Suit may be located at sanofi-aventis facilities in Besancon, Gentilly, Vitry-sur-Seine, Antony, and Paris, France; Dagenham, Great Britain; and in Bridgewater, New Jersey.

2.      Documents relating to the preparation, filing, and prosecution of the Patents-in-Suit may be located at sanofi-aventis facilities in Besancon, Gentilly, and Paris, France, and at the offices of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 901 New York Avenue, NW, Washington, DC 20001-4413.

3.      Documents relating to the commercial success of Taxotere®, including sales and marketing information, may be located at sanofi-aventis facilities in Besancon, Gentilly, Vitry-sur-Seine, Antony, and Paris, France, and in Bridgewater, New Jersey.

4.      Documents demonstrating the advantages of Taxotere® pharmaceutical products over the prior art and over competing products may be located at sanofi-aventis facilities in Besancon, Gentilly, Vitry-sur-Seine, Antony, and Paris, France, and in Bridgewater, New Jersey.

5.      Documents relating to the assignment and ownership of the Patents-in-Suit may be located at sanofi-aventis facilities in Besancon, Gentilly, and Paris, France, and in Bridgewater, New Jersey.

6.      Electronic marketing information may be found on the World Wide Web at www.sanofi-aventi.us; www.taxotere.com; and en.sanofi-aventis.com.

7.      Documents relating to Defendants' infringement, including Defendants' NDA and related FDA submissions, are in Defendants' possession.

**III.     Rule 26(a)(1)(A)(iii) – A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Pursuant to Fed. R. Civ. P. 26(a)(l)(A)(iii), sanofi-aventis states that under 35 U.S.C. § 271(e)(4)(C), damages or other monetary relief may be awarded in this action only if Defendants commercially manufacture, use, offer to sell, or sell within the United States, or import into the United States, docetaxel injection products.  To sanofi-aventis' present knowledge, Defendants have not yet engaged in such activity.  Sanofi-aventis reserves the right to assert such claims in the event that Defendants have engaged in or do engage in such activity before the expiration of the Patents-in-Suit.  Regarding other monetary relief, sanofi-aventis seeks an award of its costs and expenses in an amount yet to be determined.

**IV.    Rule 26(a)(1)(A)(iv) – For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Sanofi-aventis is not aware of any relevant insurance agreements at this time.

Sanofi-aventis will supplement this disclosure or otherwise notify Defendants if any relevant

insurance agreements are identified.

ASHBY & GEDDES

_____

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Plaintiffs Aventis Pharma S.A. and
sanofi-aventis U.S., LLC*

*Of Counsel*:

George F. Pappas
Christopher N. Sipes
Kurt G. Calia
Kevin B. Collins
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 662-6000

Dated:  June 1, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of June, 2009, the attached **PLAINTIFFS'**

**AMENDED AND SUPPLEMENTED INITIAL DISCLOSURE STATEMENT**

**PURSUANT TO FED. R. CIV. P. 26(a)(1)** was served upon the below-named counsel of

record at the address and in the manner indicated:

| | |
|---|---|
| Richard K. Herrmann, Esquire<br>Morris James LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE  19801-1494 | HAND DELIVERY |
| James F. Hurst, Esquire<br>Winston & Strawn LLP<br>35 West Wacker Drive<br>Chicago, IL  60601-9703 | VIA ELECTRONIC MAIL |
| Jovial Wong, Esquire<br>Winston & Strawn LLP<br>1700 K Street, N.W.<br>Washington, DC  20006 | VIA ELECTRONIC MAIL |
| Richard W. Riley, Esquire<br>Duane Morris LLP<br>1100 North Market Street, Suite 1200<br>Wilmington, DE  19801 | HAND DELIVERY |
| William A. Capp, Esquire<br>Duane Morris LLP<br>1180 West Peachtree Street<br>700 Atlantic Center Plaza<br>Atlanta, GA  30309 | VIA ELECTRONIC MAIL |
| Richard T. Ruzich, Esquire<br>Duane Morris LLP<br>190 South LaSalle Street, Suite 3700<br>Chicago, IL  60603 | VIA ELECTRONIC MAIL |

Anthony J. Fitzpatrick, Esquire          <u>VIA ELECTRONIC MAIL</u>
Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210-2600

Kerry B. McTigue, Esquire                <u>VIA ELECTRONIC MAIL</u>
Duane Morris LLP
505 9th Street, NW
Suite 1000
Washington, DC  20004


_____
Tiffany Geyer Lydon

**Ex. 2**

# WINSTON & STRAWN LLP

214 NORTH TRYON STREET
CHARLOTTE, NORTH CAROLINA 28202-1078

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

99 GRESHAM STREET
LONDON EC2V 7NG3

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

4 STASOVOY ULITSA
119071 MOSCOW, RUSSIAN FEDERATION

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

(312) 558-5600

FACSIMILE (312) 558-5700

www.winston.com

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

ONE RIVERFRONT PLAZA
NEWARK, NEW JERSEY 07102-5401

25, AVENUE MARCEAU
CS 31621
75773 PARIS CEDEX 16

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5802

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

WRITER'S DIRECT DIAL
(312) 558-3751
apallesen@winston.com

June 2, 2009

Kurt G. Calia
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

      Re:    *Aventis Pharma S.A., Sanofi-Aventis U.S., LLC v. Hospira, Inc., Apotex,*
           *Inc. and Apotex Corp.*, Case No. 07-721-GMS

Dear Mr. Calia:

    We write in response to Plaintiffs' Amended and Supplemented Initial Disclosure Statement filed June 1, 2009 in the above entitled action, which is after the period set by the Court for the end of fact discovery in our case.

    We are particularly troubled by Plaintiffs' Amended Disclosure Statement adding nine brand new and previously un-deposed people as potential witnesses with knowledge. This is inconceivable to us, given the case has been going on for so long, given that Sanofi filed this case, and given that these people appear to be employed or controlled by Sanofi such that they could and should have been made available earlier. While we consider an appropriate response, we would first like to give you a chance to explain such a large-scale omission until after the end of fact discovery. Also, please let us know whether or not Plaintiffs intend to call any of these newly-revealed individuals at trial. The people who were not previously disclosed, were not deposed in the case, and are subject to exclusion as witnesses at trial are listed here: Martine Baysass, Nathalie Daoulas, Jean-Louis Landrin, Andre Mazuret, Michel Muylle, Andris Ortmanis, Christophe Paget, Patricia Vrignaud and Lorriane Walker. Of course, if additional discovery is necessitated by Plaintiffs' tardy disclosure, and assuming that additional discovery is allowed by the Court instead of outright exclusion, of course Hospira reserves the right to

WINSTON & STRAWN LLP

Kurt G. Calia
June 2, 2009
Page 2

supplement any and all expert reports as needed.  We expect to hear back from you by the end of
the day Thursday, so as to resolve this issue with the Court if needed.

Sincerely,

Aesha Pallesen

**Ex. 3**

# WINSTON & STRAWN LLP

214 NORTH TRYON STREET
CHARLOTTE, NORTH CAROLINA 28202-1078

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

99 GRESHAM STREET
LONDON EC2V 7NG3

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

4 STASOVOY ULITSA
119071 MOSCOW, RUSSIAN FEDERATION

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

(312) 558-5600

FACSIMILE (312) 558-5700

www.winston.com

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

ONE RIVERFRONT PLAZA
NEWARK, NEW JERSEY 07102-5401

25, AVENUE MARCEAU
CS 31621
75773 PARIS CEDEX 16

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5802

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

WRITER'S DIRECT DIAL
(312) 558-3751
apallesen@winston.com

July 17, 2009

**VIA EMAIL**

Michael N. Kennedy
Covington & Burling LLP
1201 Pennsylvania Avenue NW
Washington, D.C. 20004

Re:     Aventis Pharma S.A., Sanofi-Aventis U.S., LLC v. Hospira, Inc.,
        Apotex, Inc. and Apotex Corp., Case No. 07-721-GMS

Dear Michael:

We write in response to your July 10, 2009 letter concerning Plaintiffs' Amended and Supplemented Initial Disclosure Statement filed June 1, 2009.

You incorrectly assert that Hospira was "adequately notified" or "reasonably apprised" of the individuals who were newly disclosed in Sanofi's June 1, 2009 Amended Statement. Because the supplement came after the close of fact discovery, without any excuse, this has been the principle basis of Hospira's objection to those individuals. We will take into consideration those individuals identified in a prior interrogatory response to Hospira, but do not excuse individuals who were (1) mentioned in a deposition but were not themselves deposed or (2) identified in a response to an interrogatory propounded by Apotex, but not in a response to an interrogatory propounded by Hospira.

As such, Hospira reserves the right to move to exclude the trial testimony of these and other newly disclosed individuals. We have already addressed the fact that pre-trial depositions would not provide a sufficient remedy, because of the number of individuals now disclosed, and because of the inability of expert witnesses to evaluate the testimony of those new

WINSTON & STRAWN LLP

Michael N. Kennedy
July 17, 2009
Page 2

individuals before trial.   Thus, because of the prejudice to Hospira, and the lack of any reasonable excuse from Sanofi for waiting until after the end of fact discovery to supplement its initial disclosures, Hospira's objection to the late disclosures remains in place.

Sincerely,

Aesha Pallesen

**Ex. 4**

# COVINGTON & BURLING LLP

1201 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20004-2401
TEL 202.662.6000
FAX 202.662.6291
WWW.COV.COM

BEIJING
BRUSSELS
LONDON
NEW YORK
SAN DIEGO
SAN FRANCISCO
SILICON VALLEY
WASHINGTON

July 10, 2009

**VIA E-MAIL**

Aesha Pallesen, Esq.
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601

Re:     *Aventis Pharma S.A. et al. v. Hospira, Inc., Apotex, Inc. and Apotex Corp.,*
        07-CV-721-GMS (D. Del.) (consolidated)

Dear Aesha:

        This letter responds to your letter of June 26 to my colleague, Kurt Calia,
regarding Plaintiffs' amended R. 26(a) Initial Disclosures.

        Your June 26 letter concedes that Hospira was adequately notified of at least six
of the nine "new" individuals long before June 1.  As our June 11 letter set forth in great detail,
three of the individuals in question (Landrin, Muylle and Paget) were identified in a response to
a Hospira interrogatory in May 2008; two others (Ortmanis and Walker) were identified in
response to an Apotex interrogatory that was served on Hospira in February 2009; and a sixth
individual (Baysass) was the subject of testimony by M. Fabre in April 2009.  Applying your
own standard set forth on page 2 of your June 26 letter, Hospira agrees that it has long since been
"reasonably apprised . . . through interrogatory responses, or depositions in this litigation" of
these individuals.  Thus, we trust that Hospira will not seek preclusion with respect to Messrs.
Baysass, Landrin, Muylle, Ortmanis, Paget, or Walker.  Given the record as set forth in our prior
correspondence and Hospira's own admission that it was "reasonably apprised" of these
individuals no later than April 2009, we believe that no such motion could be advanced in good
faith.

        As for Mme. Daoulas, M. Mazuret, and Mme. Vrignaud, we reiterate that Hospira
is not entitled to preclusion or any other relief when those witnesses were disclosed through
numerous documents produced months ago, when Hospira doubtless learned of the witnesses'
existence through its coordination with its co-defendant Apotex, and when Hospira would in any

COVINGTON & BURLING LLP

Aesha Pallesen, Esq.
July 10, 2009
Page 2

case have the opportunity for a pre-trial deposition should any of these individuals be identified on our witness list.[1]

Sincerely,

*/s/ Michael N. Kennedy*

Michael N. Kennedy

cc:    Luke Anderson, Esq. (via email)

---

[1]    We also note that your complaints about undue delay with respect to Initial Disclosures served on June 1 contrast oddly with your demand to add brand-new inequitable conduct allegations to this litigation on June 24.