IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVENTIS PHARMA S.A., SANOFI-AVENTIS U.S., LLC | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 07-721-GMS |
| HOSPIRA, INC., | ) ) ) | |
| Defendant. | ) ) | |
| AVENTIS PHARMA S.A., SANOFI-AVENTIS U.S., LLC | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 08-496-GMS |
| APOTEX, INC., APOTEX CORP., | ) ) ) | |

**AMENDED ORDER CONSTRUING THE TERMS OF
U.S. PATENT NOS. 5,714,512; 5,750,561; AND 5,698,582**

After having considered the submissions of the parties and hearing oral argument on the matter, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that, as used in the asserted claims of U.S. Patent Nos. 5,714,512 (the "'512 patent"), 5,750,561 (the "'561 patent"), and 5,698,582 (the "'582 patent"):

**A.   The '512 Patent**

1. The term "stock solution" in claim 33 of the '512 patent is construed to mean "a concentrated solution."[1]

---

[1] The court adopts a construction that is consistent with the plain and ordinary meaning of the term and that gives effect to each term of the claim. *See, e.g., In re Gabapentin Patent Lit.,*

2. The term "essentially free or free of ethanol" in claim 7 of the '512 patent is construed to mean:

   (a) For a stock solution, "no more than 5% ethanol by volume,"[2] and

   (b) For a perfusion, "the same amount of ethanol as a stock solution with no more than 5% ethanol by volume."[3]

3. The term "dissolved" in claim 7 of the '512 patent is construed to have its plain and ordinary meaning.[4]

4. Claims 24 through 35 of the '512 patent are construed so as not to include the limitation "essentially free or free of ethanol."[5]

B. **The '561 Patent**

1. The term "dissolved" in claims 2 and 10 of the '561 patent is construed to have its plain and ordinary meaning.[6]

2. The term "consisting essentially of" in claims 2, 5, and 10 of the '561 patent is

---

503 F.3d 1254, 1263 (Fed. Cir.2007) (noting that "claims are interpreted with an eye towards giving effect to all terms in a claim").

[2] There is no dispute as to the construction of this term for a "stock solution." (D.I. 42 at 14; D.I. 44 at 3.)

[3] The court rejects the plaintiffs' proposed construction. The plaintiffs' proposed construction is not supported by the patent specification or the prosecution history.

[4] The court rejects Apotex's proposed construction. *See* footnote 1.

[5] The court rejects Hospira's proposed limitations on these claims. *See Serrano v. Telular Corp.*, 111 F.3d 1578, 1584 (Fed. Cir. 1997) ("Although statements in file history may of course be used to explain and potentially limit the meaning of claim limitations, . . . [they] cannot be used to add an entirely new limitation to a claim.")

[6] *See* footnote 4.

construed to mean "composed of the listed ingredients, and may include other ingredients that do not affect the basic and novel properties of the invention."[7]

3. The term "which contains" in claim 5 of the '561 patent is construed to mean "comprising."[8]

4. The term "Taxotere" in claim 10 of the '561 patent is construed to mean the chemical compound known as docetaxel.[9]

5. The term "capable of being injected without anaphylactic or alcohol intoxication manifestation" in claims 2 and 5 of the '561 patent is construed to mean "having reasonable expectation of being injected without causing anaphylactic or alcohol intoxication manifestation."[10]

C. **The '582 Patent**

1. The term "dissolved" in claim 1 of the '582 patent is construed to have its plain and ordinary meaning.

---

[7] The court adopts a construction that is consistent with the established meaning of this term. *See, e.g., PPG Indus. v. Guardian indus. Corp.*, 156 F.3d 1351, 1354 (Fed. Cir. 1998) (construing the term "consisting essentially of" to mean that the "invention necessarily includes the listed ingredients and is open to unlisted ingredients that do not materially affect the basic and novel properties of the invention"). **The listing of claim 5 in this paragraph in the original version of this order (D.I. 153) was a typographical error. The term "consisting essentially of" does not appear in claim 5 of the '561 patent. Thus, this paragraph of the order applies only to claims 2 and 10 of the '561 patent.**

[8] The court rejects Hospira's proposed construction. *See Mars, Inc. v. H.J. Heinz Co., L.P.*, 377 F.3d 1369, 1375-77 (Fed. Cir. 2004) (noting that "which contains" is an open-ended term synonymous with "comprising" or "including" and does not exclude "additional, unnamed ingredients").

[9] The court adopts the plaintiffs' construction and rejects Apotex's proposed construction.

[10] The court rejects Apotex's proposed construction. *See* footnote 1.

3

2. The term "essentially free or free of ethanol" in claim 1 of the '582 patent is construed to mean:

    (a) For a stock solution, "no more than 5% ethanol by volume,"[11] and

    (b) For a perfusion, "the same amount of ethanol as a stock solution with no more than 5% ethanol by volume."[12]

Dated: October 5, 2009

                                                                   CHIEF, UNITED STATES DISTRICT JUDGE

---

[11] *See* footnote 2.

[12] *See* footnote 3.