IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVENTIS PHARMA S.A., <br> SANOFI-AVENTIS U.S., LLC <br><br> Plaintiffs, <br><br> v. <br><br> HOSPIRA, INC., APOTEX, INC., <br> and APOTEX CORP., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. No. 07-721-GMS |

## ORDER

WHEREAS, on September 30, 2009, the court held a pretrial conference, at which the parties presented and argued several motions in limine, including (1) defendant Apotex's Motion in Limine No. 1 to Exclude Testimony Of Dr. Eric Kaler Regarding Chemical Stability (D.I. 264); (2) defendant Apotex's Motion In Limine No. 2 to Exclude Testimony By Dr. Kinam Park Based On The Analysis Of Apotex's Products In His Rebuttal Report And All Other Testimony By Dr. Park That Goes To Infringement (D.I. 265); (3) defendant Apotex's Motion in Limine No. 3 to Exclude Testimony And Report Of Expert Witness Joseph Rodricks Regarding Toxicity (D.I. 266); (4) defendant Apotex's Motion in Limine No. 5 to Preclude Sanofi's Experts From Testifying Regarding The Court's Claim Construction Of The Term "Essentially Free Or Free Of Ethanol" (D.I. 268); (5) defendant Hospira's First Motion in Limine to Preclude Sanofi's Experts From Testifying About Claim Construction of "Essentially Free of Ethanol" (D.I. 269); (6) defendant Hospira's Fourth Motion in Limine to Exclude Testimony Concerning Secondary Considerations (D.I. 270); and (7)

defendant Hospira's Second Motion in Limine to Preclude Sanofi's Experts From Testifying About Claim Construction of Perfusion" (D.I. 272);

WHEREAS, the court reserved ruling on the above-mentioned motions so that it could further review and consider the parties' arguments, and any relevant law pertaining to the motions; and

WHEREAS, the court, having further considered the parties' positions and relevant law, concludes that all of the above-mentioned motions should be denied;[1]

IT IS HEREBY ORDERED that:

1. Apotex's Motion in Limine No. 1 (D.I. 264) is DENIED;[2]

2. Apotex's Motion in Limine No. 2 (D.I. 265) is DENIED;

3. Apotex's Motion in Limine No. 3 (D.I. 266) is DENIED;

---

[1] At the pre-trial conference, the court heard oral arguments from the parties with respect to D.I. 264, D.I. 268, and D.I. 269. The defendants indicated that they would stand on their papers with respect to the remaining motions on which judgment was reserved. Also at the conference, the court granted the following motions: The plaintiffs' Motion in Limine No. 1 to Preclude Defendants from Relying Upon a "Prior Public Use" Invalidity Defense (D.I. 262), subject to the conditions discussed by the court at the conference; defendant Apotex's Motion in Limine No. 4 to Exclude Irrelevant Evidence Regarding Bioequivalence (D.I. 267); and defendant Hospira's Third Motion in Limine to Exclude Irrelevant Evidence Regarding Bioequivalence (D.I. 273). The court denied the plaintiffs' Motion in Limine No. 2 to Preclude Defendants from Presenting Unpled Inequitable Conduct Allegations (D.I. 263) subject to conditions discussed by the court at the conference, as well as defendant Hospira's Fifth Motion in Limine to Exclude Witnesses Sanofi Listed After the Close of Fact Discovery (D.I. 271).

[2] The concern raised by the plaintiffs in footnote 1 of their answering brief in opposition to this motion (*see* D.I. 287 at 4) has been addressed by the court's Amended Order Construing the Terms of U.S. Patent Nos. 5,714,512; 5,750,561; and 5,698,582. (*See* D.I. 347 at 2-3.)

4. Apotex's Motion in Limine No. 5 (D.I. 268) is DENIED;[3]

5. Hospira's First Motion in Limine (D.I. 269) is DENIED;[4]

6. Hospira's Fourth Motion in Limine (D.I. 270) is DENIED;

7. Hospira's Second Motion in Limine (D.I. 272) is DENIED;

Dated: October __, 2009

CHIEF, UNITED STATES DISTRICT JUDGE

---

[3] The court finds that the concerns raised by the defendant in this motion on this issue go towards the weight of the evidence, and not the admissibility of the evidence. The court also finds that granting this motion would be tantamount to granting summary judgment on key issues relating to infringement that are more properly addressed at trial and in post-trial motions. Consequently, the court denies this motion without prejudice.

[4] *See* footnote 3.

3